Shackelford, J.,
delivered the opinion, of the Court.
This is an action of trespass, brought in the Circuit Court for the County of Hancock, by the defendant in error, against the plaintiff in error, for an *241 assault and Battery, for injury done to the property and person of the defendant in error. The declaration contains hut one count, and avers that the plaintiff in error did beat, bruise and imprison him, and by reason of threats, forced him to leave his home and flee to the State of Kentucky; whereby his dwelling house and other property was destroyed. The plea of “not guilty,” was filed to the declaration.
It appears from the proof, that in 1861, the defendant, with fifteen or twenty other men, came into the town of Sneedville, much excited, and some one in the crowd said to the defendant in error, if he did not get down on his knees they would cut off his head — they had come to drive the Lincolnites out of the town. The defendant did not get down, as commanded. There was much abusive language used by the crowd, of which the plaintiff in error formed a part. There was no blows or other injury inflicted on the defendant in error, or any attempt or offer to inflict any injury upon him. Shortly thereafter, the defendant in error left the crowd and returned home. In a few days, he went to the State of Kentucky, joined the Federal army, and was absent three years During his absence his dwelling and out-houses were destroyed. There is no proof that the plaintiff in error had any agency in the destruction of the property. On the trial of the cause, the counsel for the plaintiff in error objected to the proof going to the jury of the defendant in error going to Kentucky, and the destruction of his property, unless the plaintiff in error, was connected with it. The objection was *242 overruled, and the evidence permitted to go to the jury. The Court, among other things not excepted to, charged the jury: “If the plaintiff in error, or the mob, or any one of them, while so assembled, by their acts, menaces or threats, caused the defendant in error to leave his home and -family, and while absent his property was destroyed, the plaintiff in error will be liable for the destruction, provided you are satisfied from the testimony, that the defendant in error could have saved his property if he could have remained at home.”
A verdict and judgment was rendered in favor of the defendant in error, for $1,000. A new trial was moved for and refused. The plaintiff in error has appealed to this Court. The charge of the Court is erroneous. This being an action for an assault and battery, the defendant in error could only recover such special damages as are strictly the consequences of the trespass committed. The acts done must constitute a part of one entire transaction, of which the principal trespass was the commencement: 4 Hum., 134. The Court erred in permitting the proof to go to the jury that the defendant had left for the State of Kentucky, and the subsequent destruction of his property, unless it appeared it was a part of the original trespass, and one transaction, and the plaintiff in error was present aiding and abetting in the destruction of the property. From an examination of the record, there is no proof to sustain the verdict of the jury. The plaintiff in error was in a crowd of men, when violent and abusive language was used *243 to the defendant in error, by some one in the crowd. He was not otherwise molested or disturbed. Ho assault or battery was committed on his person, or other injury done him. A few days thereafter, he left his home for Kentucky; during his absence, his home and out-builings were destroyed. There is no proof the plaintiff in error had any agency whatever in the destruction of the property. Hor is there any proof that he molested or used violent language to the defendant in error. He was with the crowd that used the offensive epithets, and if any injury had been done the defendant in error by any of the party with which the plaintiff in error was associated, they having assembled for an unlawful purpose, the plaintiff in error would have been responsible for the consequences.
It is a settled principle of this Court, if there is any evidence to sustain the verdict, it will not be disturbed. In this case there is a total want of evidence. It ought to have been set aside, and a new trial granted. A large discretion is vested in the Circuit Judge in such cases, and where the verdict is not sustained by the proofs, it ought to be set aside. The peace and quiet of the country greatly depends upon the proper exercise of this discretion; and never before, in the history of our country, has it been so important for the Circuit Judges of the State to so sedulously guard the trial by jury, and see that it does not become a means of oppression, rather than justice. Unless the verdict is sustained by the proof, it ought not, in any case, to stand.
The judgment is reversed, and a new trial awarded.